**CIRCUIT COURT OF THE CITY OF RICHMOND**

Reginald P. Jones,
Administrator of the Estate of
Carol Naomi Jones,
deceased

v.

MCV Associated Physicians
and V.C.U. Obstetrics and
Gynecology Association

January 24, 1996

Case No. LX-2758-4

BY JUDGE RANDALL G. JOHNSON

This medical malpractice action is before the court on defendant MCV Associated Physicians' motion for summary judgment. At issue is whether certain statements made by plaintiff's counsel in a letter to the clerk of the Supreme Court of Virginia constitute an admission by plaintiff that MCV Associated Physicians was not the employer of the attending physicians whose actions are alleged to have been negligent.

The action was filed on October 20, 1994. The motion for judgment alleges that on July 21, 1993, plaintiff's decedent, Carol Naomi Jones, was admitted to the Medical College of Virginia Hospital in connection with her pregnancy. On July 22, she was given Oxytocin to induce labor. On July 24, she gave birth to a son. Also on July 24, she became brain damaged due to insufficient oxygen and lived on life-support until her death on August 29, 1993. It is plaintiff's claim that Jones' death was caused by the negligent administration of the Oxytocin by her treating physicians. Plaintiff further alleges that Jones' treating physicians were agents, servants, and employees of

MCV Associated Physicians and V.C.U. Obstetrics and Gynecology Association, and the motion for judgment names those two entities, and not the treating physicians, as defendants.

Defendants filed a single grounds of defense. In the grounds of defense, defendants admit that Jones' attending physicians were employees of V.C.U. Obstetrics and Gynecology Association but deny that they were employees of MCV Associated Physicians. Defendants also requested the appointment of a medical malpractice review panel pursuant to Va. Code § 8.01-581.2. Plaintiff objected to the request. In a letter dated December 19, 1994, to David B. Beach, Clerk of the Supreme Court of Virginia, plaintiff's counsel argued that the appointment of a review panel was improper because neither MCV Associated Physicians nor V.C.U. Obstetrics and Gynecology Association was a health care provider, as defined in Va. Code § 8.01-581.1, and neither was entitled to have the claim presented to a panel. Among the statements made by plaintiff's counsel in support of plaintiff's position in that letter was the following:

> [N]either V.C.U. Obstetrics and Gynecology Association nor MCV Associated Physicians was organized "for the *sole and specific purpose of rendering the professional services* of one or more practitioners of the healing arts." Section 13.1-543(B)(iii) and Section 13.1-544. Such services are rendered by others. Those professional services are rendered by the physician members of the Associations. *The Associations themselves serve only as financial vehicles to shelter the income of the physicians from taxes and to provide operational and administrative type services to the members.*

Second emphasis added. Va. Code §§ 13.1-543(B)(iii) and 13.1-544 define and authorize the organization of professional corporations.

MCV Associated Physicians now cites the above language to argue that plaintiff has admitted that MCV Associated Physicians was not the employer of decedent's treating physicians and, therefore, cannot be liable for those physicians' negligence. The court disagrees.

Summary judgment is only appropriate when there are no material facts genuinely in dispute. Rule 3:18 of the Rules of the Supreme Court of Virginia. Here, whether or not MCV Associated Physicians was the employer of the attending physicians is very much in dispute, and it is in dispute notwithstanding plaintiff's so-called "admissions." This is so because while plaintiff's counsel's statement quoted above, if true, may be evidence that MCV Associated Physicians was not the attending physicians' employer, it is not conclusive. Employer-employee relationships are many and varied.

Moreover, they are fact-specific; that is, whether such relationship exists depends on the facts of each case. The only thing stated by plaintiff here is that MCV Associated Physicians serves "only" as a financial, operational, and administrative vehicle for its physician members. It is not known at this stage of the proceedings how much control, if any, is exercised by MCV Associated Physicians over its member physicians in performing its financial, operational, and administrative functions. Since control is the ultimate test of whether an employer-employee relationship exists (*see generally* 12B Michie's Jurisprudence, *Master and Servant*, § 4, and the cases there cited), and since there is no evidence or admission concerning control here, the motion for summary judgment must be denied.